United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Osmany Valdivia Ofarrill, Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) |
| MMDO Corp d/b/a Montes de Oca Original Pizza Cubana (Estilo Varadero) and Manuel Montes de Oca, Jr., Defendants. | ) Civil Action No. 18-22812-Civ-Scola ) ) ) ) |

## Order on Motion to Alter or Amend Judgment

This matter is before the Court on the Plaintiff's motion to alter or amend a judgment pursuant to Federal Rule of Civil Procedure 59(e). (ECF No. 55.) The Defendants have not responded to the motion and the time to do so has passed. Having reviewed the motion, the record, and the relevant legal authorities, the Court **denies** the motion (**ECF No. 55**).

On February 24, 2020, the Court entered default judgment in favor of the Plaintiff in the amount of $21,163.00. (ECF No. 53.) This amount did not include the $15,530.00 sought by the Plaintiff's counsel in fees. In the motion at bar, the Plaintiff argues that the Court "overlooked" that amount. (ECF No. 55.) The Plaintiff is wrong. The Court declined to award fees because the amount sought was not supported by evidence. Indeed, this is now the third time that the Plaintiff has sought recovery for attorneys' fees without supporting evidence. On January 3, 2020, United States Magistrate Judge Torres denied the Plaintiff's first motion for default judgment, including attorneys' fees, because "no sworn evidence was filed to support the motion . . . ." (ECF No. 48.)

After having been warned by Judge Torres concerning the lack of evidence, the Plaintiff filed its second motion for default judgment on February 20, 2020. (ECF No. 52.) The second motion remained partially defective. The Plaintiff attached evidence supporting the Plaintiff's own damages and counsel's costs, which resulted in the default judgment totaling $21,163.00. (ECF No. 53.) However, in support of the attorneys' fees portion of the second motion, the Plaintiff attached a declaration of attorney Ruben Martin Saenz that fails to offer any support for the number of hours worked on this matter. (ECF No. 53-2.)

The present motion is the Plaintiff's counsel's third attempt at seeking attorneys' fees, but the motion is unaccompanied by any evidence of hours worked and it points to nothing in counsel's prior attempts to obtain fees evidencing the number of hours worked. *See ACLU v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) ("The fee applicant bears the burden of establishing entitlement and documenting the appropriate hours and hourly rates.") (citation and quotations omitted). Accordingly, the Court **denies** the motion (**ECF No. 55**).

The Court **directs** the Clerk to **mail copies of this order** to the Defendants at the address(es) listed below.

**Done and ordered** in chambers, at Miami, Florida, on April 30, 2020.

_____
Robert N. Scola, Jr.
United States District Judge

*Copy to:*
MANUEL MONTES DE OCA, JR.
506 S.W. 98 Ct.
Miami, FL 33174

MMDO CORP D/B/A MONTES DE OCA ORIGINAL PIZZA CUBANA (ESTILO VARADERO)
506 S.W. 98 Ct.
Miami, FL 33174